ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION IN WHICH YOU ASKED, IN EFFECT:
 DOES SECTION 8 OF HOUSE BILL 2189 ALLOW FOR THE RELEASE OF DEATH CERTIFICATES FOR DEATHS WHICH OCCURRED PRIOR TO THE EFFECTIVE DATE OF THE HOUSE BILL 2189?
THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS WHICH FOLLOW, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTIONS YOU HAVE RAISED.
SECTION 8 OF H.B. NO. 2189, WHICH BECAME EFFECTIVE ON MAY 21, 1992, AMENDED TITLE 63 O.S. 1-323 (1991). THIS SECTION NOW PROVIDES, IN PERTINENT PART:
 "E. THE COMMISSIONER OF HEALTH SHALL AUTHORIZE THE TRANSMISSION OF DEATH CERTIFICATES TO THE DEPARTMENT OF LABOR FOR THE PURPOSE OF THE DEPARTMENT OF LABOR CONDUCTING A CENSUS OF TOTAL OCCUPATIONAL INJURIES AND ILLNESSES. THE DEPARTMENT OF HEALTH SHALL TRANSMIT TO THE DEPARTMENT OF LABOR STATISTICS OF FATAL OCCUPATIONAL INJURIES THAT SHALL INCLUDE THE FOLLOWING:
1. THE NAME OF THE DECEASED;
2. DATE OF DEATH;
3. SEX;
4. RACE;
5. AGE;
6. BIRTH DATE;
7. SOCIAL SECURITY NUMBER;
8. WHETHER AN AUTOPSY WAS PERFORMED;
9. MONTH OF THE ACCIDENT, AND;
10. WHETHER THE DECEDENT WAS OF HISPANIC ORIGIN.
 F. THE DEPARTMENT OF LABOR SHALL BE REQUIRED TO PROTECT THE INTEGRITY OF THE VITAL STATISTICS RECORDS TO THE SAME EXTENT REQUIRED OF THE DEPARTMENT OF HEALTH PURSUANT TO THIS SECTION."
THE HEART OF YOUR QUESTION IS WHETHER H.B. NO. 2189, SECTION 8, IS RETROACTIVE TO ALLOW CONFIDENTIAL DEATH CERTIFICATES FILED PRIOR TO MAY 21, 1992, THE EFFECTIVE DATE OF H.B. NO. 2189, TO BE PROVIDED TO THE DEPARTMENT OF LABOR. IN STATUTORY CONSTRUCTION, THE PRIMARY GOAL IS TO SEEK AND GIVE EFFECT TO THE LEGISLATIVE INTENT THEREIN. HESS V. EXCISE BOARD OF MCCURTAIN COUNTY, 698 P.2D 930 (OKLA.1988). IN GENERAL, STATUTES ARE PRESUMED TO OPERATE PROSPECTIVELY. WICKHAM V. GULF OIL CORP., 623 P.2D 613 (OKLA.1981). HOWEVER, THIS WILL NOT BE THE CASE WHEN THE LEGISLATURE HAS EXPRESSLY DECLARED A RETROSPECTIVE EFFECT OR WHERE IT IS NECESSARILY IMPLIED FROM THE LANGUAGE USED. ID. AT 615, 616. TO THIS END, IT IS APPROPRIATE TO LOOK AT THE PURPOSE OF THE ACT AND THE METHOD OF ENACTMENT. ID. AT 616.
NO EXPRESS DECLARATION OF RETROACTIVE EFFECT IS FOUND IN SECTION 8 OF .B. NO. 2189. HOWEVER, SECTION 8 DOES REQUIRE THE DEPARTMENT OF LABOR TO CONDUCT A "CENSUS OF TOTAL OCCUPATIONAL INJURIES AND ILLNESSES." 63 O.S. 1-323(E) (1991). THIS LEGISLATIVE MANDATE IS NOT POSSIBLE IF ALL PRIOR-ISSUED DEATH CERTIFICATES ARE NOT PROVIDED TO THE DEPARTMENT OF LABOR. THUS, THERE CAN BE SEEN WITHIN THAT SECTION A RETROACTIVE INTENT.
IT IS GENERALLY NOTED THAT RETROACTIVE EFFECT WILL NOT BE GIVEN WHEN IT WOULD ALTER RIGHTS AND DUTIES UNDER AN EXISTING CONTRACT CR IMPAIR A CONTRACT UNLESS EXPRESSLY INTENDED BY THE LEGISLATURE. WICKHAM, AT 616. HOWEVER, THIS WOULD APPEAR TO HAVE NO EFFECT ON THIS OPINION.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT SECTION 8 OF H.B. NO. 2189 ALLOWS FOR THE RELEASE OF DEATH CERTIFICATES WHICH WERE FILED PRIOR TO THE EFFECTIVE DATE OF THAT ACT.
(JAMES ROBERT JOHNSON)